IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **MICHAEL DUCHELLE GREEN,** | ) | CASE NO. 7:21CV00154 |
| | ) | |
| **Petitioner,** | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **MISS ELIZABETH HURT,** | ) | By:  Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| **Respondent.** | ) | |

Petitioner Michael Duchelle Green, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his confinement under a state court judgment revoking his probation.  Upon review of the record, the court finds it appropriate to summarily dismiss the petition without prejudice, because Green has not exhausted available state court remedies.

According to court records available online, Green pleaded guilty in Halifax County Circuit Court in the fall of 2015 to charges of driving while intoxicated, driving on a suspended license, and possession of a controlled substance.  He was sentenced to prison time, with portions of each sentence suspended, and to two years of probation.  Four years later, authorities issued a capias seeking to revoke Green's probation because he had absconded from supervision.  He was arrested in September 2019.  After Green's revocation hearing was twice continued, he ultimately pleaded guilty on January 8, 2021, to absconding.  The circuit court revoked his probation and sentenced him to serve four years in prison.  Green states that he tried to appeal to the Halifax County Circuit Court, without success.  Court records do not indicate that he appealed to any higher Virginia court.  Green also states that he has never filed any previous petition to challenge the revocation judgment, and court records are consistent with that statement.

Green filed his § 2254 petition in this court in March 2021. He complains that his attorney in the revocation proceedings did not call any witnesses on his behalf and that the Commonwealth also did not call any witnesses. As relief, Green seeks to have his sentence vacated or reduced.

A federal court can entertain a petition for a writ of habeas corpus by a person who is in custody "pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under 28 U.S.C. § 2254(b), however, a court can grant a habeas petition only if the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. The exhaustion requirement is completed by seeking review of the claims, throughout the state court system, to the highest state court with jurisdiction to consider the claims. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Under Virginia law, Green could have appealed the revocation judgment and sentence to the Court of Appeals of Virginia, but he failed to do so. See, e.g., Green v. Commonwealth, 557 S.E.2d 230, 232 (Va. 2002) (court of appeals had jurisdiction over appeal from circuit court judgment revoking probation and imposing previously suspended sentence). Virginia law also provides that Green may challenge his confinement by filing a state habeas petition in the circuit court that entered the revocation judgment, with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code Ann. §§ 8.01-654(A)(1), 17.1-406(B). In the alternative, he could file a state habeas petition directly with the Supreme Court of Virginia. Va. Code Ann. § 8.01-654(A)(1). By one of these routes, Green must have presented his claims to the Supreme Court of Virginia and received a ruling from that court to satisfy the exhaustion requirement so that a federal district court could consider them on the merits under § 2254.

Green's petition states that he has not previously filed any appeal or habeas corpus petition in the Supreme Court of Virginia, and court records online indicate that he has not done so. Moreover, the thirty-day period for him to appeal the revocation judgment has expired. Va. Code Ann. § 8.01-675.3. However, the applicable <u>habeas</u> statute states: "A petition for writ of habeas corpus . . . , other than a petition challenging a criminal conviction or sentence, shall be brought within one year after the cause of action accrues." Va. Code Ann. § 8.01-654(A)(2). Thus, it is clear that Green has a state court remedy that is still available to him—by filing a state habeas corpus petition, either in the circuit court that entered the revocation judgment or by filing such a petition in the Supreme Court of Virginia. Because he has not yet exhausted available state court remedies regarding the current habeas corpus claims, this court could not grant any habeas corpus relief in response to the instant petition. Therefore, the court will dismiss Green's § 2254 petition without prejudice. An appropriate order will issue this day. Such a dismissal leaves Green free to file another § 2254 petition challenging the revocation, once he has exhausted state court remedies.

The clerk is directed to send copies of this memorandum opinion and the accompanying order to Green.

**ENTER**: This <u>18th</u> day of March, 2021.

_____
Senior United States District Judge